**Date Signed:**
**June 23, 2026**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>DAVID CARL WILLI and HOLLY NOEL WILLI,<br><br>                Debtors. | Case No.: 26-00113<br>Chapter 13<br><br><br>Related: ECF 30 |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS CHAPTER 13 CASE BASED ON INELIGIBILITY

This decision addresses whether debtors David Carl Willi and Holly

Noel Willi owe too much debt to be eligible for chapter 13 relief.

## I.      Facts and Procedural Background

According to Mr. and Mrs. Willi's schedules, they owe secured debts

totaling $1,531,908.00. ECF 1 at 20. Their most recently amended schedules

list 219 unsecured creditors with claims totaling $361,248.77. But this total

1

amount comprises only fifteen of the 219 scheduled claims, because the other 204 claims are listed with zero amounts. Further, they list 150 of the 219 scheduled claims as unliquidated, contingent, or both.

The chapter 13 trustee moved to dismiss this case, arguing that Mr. and Mrs. Willi's debts exceed the limit for chapter 13 eligibility. ECF 30. He points out that secured creditors have filed claims totaling $1,698,854.21, which is greater than the limit of $1,580,125.00, and that filed unsecured claims total $3,765,457.83, which far exceeds the limit of $526,700.00.

Mr. and Mrs. Willi respond that eligibility is determined based on their schedules, not the filed claims, as long as they completed their schedules in good faith.

## II.  Legal Standard

Chapter 13 relief is only available to individuals and married couples who owe, "on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $526,700 and noncontingent, liquidated, secured debts of less than $1,580,125 . . . ." 11 U.S.C. § 109(e).

A debt is "noncontingent" for purposes of this section "if all events

2

giving rise to liability occurred prior to the filing of the bankruptcy petition." *Loya v. Rapp (In re Loya)*, 123 B.R. 338, 340 (B.A.P. 9th Cir. 1991). For example, a debt based on a guarantee of another person's debt is often contingent on the principal obligor's default. If the principal obligor has not defaulted or any other conditions to the guarantor's liability have not occurred by the petition date, the guarantor's debt does not count against the chapter 13 debt limit.

A debt is "liquidated" within the meaning of this section if the debtor's liability is capable of "ready determination and precision in computation of the amount due" or "is capable of ascertainment by reference to an agreement or by simple computation." *Id*. at 340. For example, unadjudicated tort claims are typically unliquidated because the amount of damages is not based on a set formula and can often be fixed only after a full trial on the merits. In contrast, contract claims are generally liquidated because a formula dictates the damages computation.

The bankruptcy schedules ask debtors to state, not only whether each debt is noncontingent and liquidated, but also whether the debt is

3

disputed. Debtors sometimes seem to treat the words "liquidated" and "undisputed" as synonyms. This is incorrect: a debt can be "liquidated" even if the debtor disputes liability or damages. *Slack v. Wilshire Ins. Co, (In re Slack)*, 187 F.3d 1070, 1075 (9th Cir. 1999) ("We hold that a debt is liquidated if the amount is readily ascertainable, notwithstanding the fact that the question of liability has not been finally decided.").

Other provisions of the Bankruptcy Code make clear that a debt can be both disputed and liquidated. While section 109(e) categorizes claims as contingent or noncontingent and liquidated versus unliquidated, the Code elsewhere distinguishes between claims that are disputed or undisputed. For example, the Code provides that only a person who holds a claim that is that is "not contingent as to liability *or the subject of a bona fide dispute* as to liability or amount" can file an involuntary petition against a debtor. 11 U.S.C. § 303(b)(1) (emphasis added). The plain language of section 109(e) makes clear that disputed debts count against the eligibility limits (unless the disputed debt is also contingent or unliquidated).

This leaves the question of how the court determines what debts

U.S. Bankruptcy Court - Hawaii #26-00113 Dkt # 97 Filed 06/23/26 Page 4 of 10

count against the debt limit and in what amounts. The Ninth Circuit has answered that question: "We now simply and explicitly state the rule for determining Chapter 13 eligibility under § 109(e) to be that eligibility should normally be determined by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith." *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 982 (9th Cir. 2001).

The Bankruptcy Code does not define "good faith." In standard legal usage, the phrase means honesty in fact. U.C.C. § 1-201(b)(20).

In other words, Mr. and Mrs. Willi's schedules control the debt limit calculation, as long as the debtors had a subjectively honest reason to schedule their debts in the way they did.[1]

## III. Discussion

*Scovis* destroys the original basis for the trustee's motion. The motion relied solely on the filed proofs of claim, not the schedules. But as Mr. and

---

[1] The Code, the Federal Rules of Bankruptcy Procedure, and the binding case law do not state who bears the burdens of proof and persuasion on the issue of eligibility. I am inclined to follow decisions from other circuits holding that the debtors bear those burdens because they are the party that is attempting to change the status quo and because they have better access to the relevant information than any other party. *See Montgomery v. Ryan (In re Montgomery)*, 37 F.3d 413, 415 (8th Cir. 1994) (holding that the burden of establishing eligibility in section 109(e) falls on the debtor even when the issue is raised by a creditor). Given the current record, however, I would reach the same result even if the trustee bore the burdens.

Mrs. Willi pointed out in their opposition, *Scovis* requires the court to rely primarily, and perhaps exclusively, on the debtors' schedules.

In his reply memo, the trustee acknowledges the correct standard and argues that, if a party makes a good faith objection to eligibility, the court can look beyond the schedules to determine whether Mr. and Mrs. Willi listed their debts in good faith. This is the correct approach. Thus, my task is not to determine whether the schedules are objectively correct, but to determine whether Mr. and Mrs. Willi completed them in a subjectively honest fashion. Neither Mr. and Mrs. Willi nor the trustee have requested an evidentiary hearing or an opportunity to present additional evidence.

Mr. and Mrs. Willi have scheduled most of their debts as disputed. As the trustee correctly argues, this is irrelevant to the eligibility calculus because disputed debts count against the eligibility limits.

Mr. and Mrs. Willi have also scheduled most of their debts as unliquidated. They seem to conflate the terms "unliquidated" and "disputed." It is probably true that the final amount of many of these claims is undetermined, and that Mr. and Mrs. Willi believe that the claims

6

are overstated and that they are not personally liable for them. But that does not make those claims unliquidated.

Virtually all of their debts appear to be contractual in nature.[2] Ascertaining the amount of the claims would depend on a formula and would not be unreasonably difficult. Therefore, I cannot accept the assertion that they acted in good faith when they scheduled most of their debts as unliquidated.

Mr. and Mrs. Willi have also scheduled most of their debts as contingent, because they assert that they are liable (if at all) only as guarantors of some debts of their companies. They contend that their liability is contingent until (1) the companies default and (2) the guaranteed creditor makes demand on them, and that they believe in good faith that those conditions were unsatisfied on the petition date.

It is hard to believe that, when they filed their petition, Mr. and Mrs.

---

[2] It appears that only one scheduled claim, claim no. 128, may plausibly be unliquidated. That claim is held by the debtors' former business associate. The schedules do not describe the nature of or basis for the claim (other than the fact that it is not described as a potential personal guarantee of a business debt). A claim by a former business associate might conceivably be based in tort (fraud, breach of fiduciary duty, etc.).

7

Willi harbored a good faith belief that their companies were not in default of their obligations. If the companies were paying their debts on time and continuing their operations, Mr. and Mrs. Willi would not have needed personal bankruptcy protection. Their own schedules show that both companies were insolvent (ECF 1 at 12) and owed money to dozens of creditors. Their counsel stated at the hearing on the motion that the companies are "winding down." Mr. and Mrs. Willi have provided no evidence that they actually and honestly thought that their companies were not in default on the date of their bankruptcy.

There is also no basis for a good faith belief that a demand for payment is a condition to a guarantor's obligation. In standard legal parlance, a guarantee is simply "[t]he assurance that a contract or legal act will be duly carried out." Black's Law Dictionary 820 (10th ed.)

Finally, the Willis could not have honestly believed that the amount of their liability on 98% of the scheduled claims (204 out of 219) is zero. This amount makes sense only if one believes that the companies would probably pay their debts in full. If Mr. and Mrs. Willi really thought that

U.S. Bankruptcy Court - Hawaii  #26-00113  Dkt # 97  Filed  06/23/26  Page 8 of 10

their companies could pay their debts, they would not have sought personal bankruptcy protection.

Solely for the purpose of checking Mr. and Mrs. Willi's assertion of good faith, I have reviewed the proof of claim filed by Washington Trust Bank (claim no. 15). This is one of the larger unsecured proofs of claim. Mr. and Mrs. Willi scheduled it as contingent, unliquidated, and disputed, stated that the debt is a "Potential Personal Guarantee on Business Debt," and stated that its amount is zero (ECF 23 at 105).

The guaranty documents attached to the proof of claim provide that, "This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay . . . ." claim 15-2 at 7, and that the guarantors waived all rights to notice, *id*. at 8. Reading the documents makes clear that Mr. and Mrs. Willi could not have believed in good faith that their legal liability was contingent on their companies' default or on their receipt of any notice from the creditor. Further, this is a contractual claim, and the Willis have not explained why

9

it should be viewed as unliquidated.

Mr. and Mrs. Willi have scheduled this claim with a zero amount. If this were true (or, more precisely, if Mr. and Mrs. Willi honestly believed that it was true), the claim would not push them over the eligibility limit. But given the admission that the companies are insolvent and are winding down, I do not accept that Mr. and Mrs. Willi honestly believed that the companies would eventually pay this debt in full.[3]

Therefore, I find and conclude that Mr. and Mrs. Willi are ineligible for chapter 13 relief. They ask that I allow them time to convert their case to another chapter. This is a reasonable request.

## IV.  Conclusion

The trustee's motion is GRANTED. Unless Mr. and Mrs. Willi convert their case to another chapter within fourteen days of entry of this decision, the court will enter an order dismissing their case.

**END OF ORDER**

---

[3] I also note that the schedule of unsecured claims includes claims based on a home equity line of credit (ECF 23 at 40) and certain mortgages (*id*. at 56, 58, 81, 84). Debts of this kind would ordinarily be included with secured debts. If those debts were placed in the secured category, Mr. and Mrs. Willi would exceed the eligibility limit for secured debt.

U.S. Bankruptcy Court - Hawaii   #26-00113   Dkt # 97   Filed  06/23/26   Page 10 of 10